**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GALDERMA LABORATORIES, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:20-cv-00194-P** |
| | § | |
| **RX PLUS LLC d/b/a RX PLUS** | § | |
| **PHARMACY, LOUISE GATTI, AND** | § | |
| **ELISA VALENTI** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT ELISA VALENTI'S MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Federal Rule of Civil Procedure 12, Defendant Elisa Valenti ("Valenti") files this Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and shows the Court the following:

# Table of Contents

Table of Contents ........................................................................................................... 2

Table of Authorities ....................................................................................................... 3

I. STATE OF THE CASE AND FACTS ........................................................................ 4

II. STANDARD OF REVIEW ....................................................................................... 5

    A.    Personal Jurisdiction ........................................................................................ 5

    B.    Improper Venue ................................................................................................ 7

III. ARGUMENT ........................................................................................................... 8

    A.    Valenti did not waive her personal jurisdiction right. ..................................... 8

    B.    Plaintiff cannot establish specific personal jurisdiction over Valenti. ............ 9

        1.    Plaintiff's breach of contract claim has no connection to Texas. .............. 10

        2.    Valenti is not subject to specific personal jurisdiction under Plaintiff's  fraud claim. 12

        3.    Valenti is not subject to specific personal jurisdiction for Plaintiff's money  had and received claim. ................................................................................... 13

    C.    Valenti is not subject to general jurisdiction in Texas. ................................. 14

    D.    This Court's exercise of jurisdiction over Valenti would offend traditional notions of fair play and substantial justice. ................................................................. 15

    E.    Venue is improper in Texas. .......................................................................... 16

IV. CONCLUSION ....................................................................................................... 17

# Table of Authorities

**Cases**

*Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694 (5th Cir. 1999)........................... 14

*Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208 (5th Cir. 2000). ................................................ 6

*Atlantic Marine Const. Co. v. United States Dist. Court for the W. Dist. of Texas*, 571 U.S. 49
(2013). .................................................................................................................................... 7, 17

*Bullion v. Gillespie*, 895 F.2d 231 (5th Cir. 1990). ..................................................................... 7

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985). ....................................................... 6, 10, 13, 15

*Calder v. Jones*, 465 U.S. 783 (1984). ..................................................................... 11, 12, 13

*Carmona v. Leo Ship Mgmt. Inc.*, 924 F.3d 190 (5th Cir. 2019). .............................................. 9, 11

*Clemens v. McNamee*, 615 F.3d 274 (5th Cir. 2010). ............................................... 6, 9, 10

*Daimler AG v. Bauman*, 571 U.S. 117 (2014). ............................................................................ 15

*Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320 (5th Cir. 1996). ..................................... 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)................................... 6

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984). ................................. 6

*Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773 (5th Cir. 1986)........................................ 11, 14

*In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521 (5th Cir. 2014). .............. 9

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982)............... 8

*Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326
U.S. 310 (1945)............................................................................................................................. 15

*ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493 (5th Cir. 2012). ............................................ 9, 13

*Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602 (5th Cir. 2008). ............................ 13, 14

*Jones v. Petty-Ray Geophysical Geosource*, Inc. 954 F.2d 1061 (5th Cir. 1992). ..................... 14

*Lee v. Allen*, 32 F.2d 566 (5th Cir. 1994) (unpublished) .............................................................. 12

*Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465 (5th Cir. 2006). ............................................ 6

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). ..................................................... 8

*Miller-Rogaska, Inc. v. Bank One, Texas, N.A.*, 931 S.W.2d 655 (Tex. App.—Dallas 1996). .... 13

*Mink v. AAAA Dev. LLC*, 190 F.3d 333 (5th Cir. 1999). ........................................................ 6, 7, 14

*Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309 (5th Cir. 2007)............................... 10, 11

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865 (5th Cir. 2001). ................ 7

*Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338 (5th Cir. 2002). ......................................... 7

*Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2002). ............................................................................ 10

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006). .................................. 7, 10

*Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985). .................................................................... 6

*Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413 (5th Cir. 2001)............ 13

*Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485 (5th Cir. 2018).......................................... 12

*Walden v. Fiore*, 571 U.S. 277 (2014)........................................................................................ 12

**Statutes**

28 U.S.C. § 1391(a). ..................................................................................................................... 7

28 U.S.C. § 1391(b) ...................................................................................................................... 7

N.Y. Educ. Law § 6808 (McKinney)............................................................................................. 8

# I.
## STATE OF THE CASE AND FACTS

Plaintiff Galderma Laboratories, L.P., a resident of Texas, initiated this action on February 28, 2020 (ECF 1), alleging breach of contract of the Galderma® CareConnect Patient Savings Card's (hereinafter referred to as the "CareConnect Card") terms and conditions, fraud, and money had and received. Defendant Elisa Valenti now files this instant motion.

Plaintiff is a skin care company located in Fort Worth, Texas.[1] Valenti is an individual, who is a licensed pharmacist in the State of New York.[2] From January 2017 to September 2018, Valenti was employed as supervising pharmacist of RX Plus, LLC ("RX"), a named defendant in this lawsuit.[3] Valenti never possessed an ownership interest in RX.[4] As supervising pharmacist, Valenti was responsible for the day-to-day operations of the pharmacy and its staff.[5] At no time did Valenti contract with pharmaceutical companies nor order inventory for the pharmacy.[6] At no point did Valenti have responsibility for, or access to, RX's financials.[7] Valenti had no responsibility in ordering medication or making financial decisions on behalf of RX.[8]

Plaintiff's lawsuit related to its CareConnect Card, a promotional tool that allowed customers to purchase its products at little to no co-pay.[9] In turn, the pharmacy providing the Plaintiff's product could apply for and receive a reimbursement from Plaintiff for the difference between the costs the pharmacy purchased the Plaintiff's product for, less the reimbursement the pharmacy receives from the customer's insurance company.[10] Plaintiff's complaint alleges that

---

[1] ECF 1 p.3 ¶ 9.
[2] *See* Declaration of Elisa Valenti, filed with Appendix as Exhibit A ("Ex. A") ¶¶ 2-3.
[3] *Id.* at ¶ 4.
[4] *Id.* at ¶ 5.
[5] *Id.* at ¶ 6.
[6] *Id.* at ¶ 8.
[7] *Id.*
[8] *Id.*
[9] ECF 1 p. 3 ¶ 10.
[10] *Id.* at pp. 3-4 ¶ 11.

**DEFENDANT ELISA VALENTI'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - Page 4**

because RX sold and claimed reimbursement under Plaintiff's CareConnect Card, Valenti, as the pharmacist, agreed to the CareConnect Card's terms and conditions.[11] Specifically, Plaintiff's complaint provides that the alleged "contract" states that any user of the CareConnect Card or its reimbursement promotion agree to its terms and conditions—including that they consent to venue and jurisdiction in Tarrant County, Texas.[12]

Plaintiff, a resident of Texas, alleges that Valenti consented to personal jurisdiction and venue in this Court pursuant to the CareConnect Card's terms and conditions.[13] Valenti moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction and improper venue because Valenti at no time consented to jurisdiction and venue in the State of Texas. As will be fully explained, Valenti was an employee of RX and had no authority to bind RX to contracts or handle RX's financials. Valenti was not involved with any "reimbursement claims" for Plaintiff's products.  The law is clear—courts may not judge an employee's personal jurisdiction based on their employer's activities in the forum state. Plaintiff's complaint fails to plead any facts to support its contentions that (1) Valenti herself consented to jurisdiction and venue with this Court; or (2) that Valenti has sufficient contacts with the State of Texas to support personal jurisdiction.

## II.
## STANDARD OF REVIEW

### A.    Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) allows defendants to move to dismiss claims brought against them for lack of personal jurisdiction. In resolving a Rule 12(b)(2) motion, the Court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination

---

[11] *Id.* at p. 4 ¶ 13.
[12] *Id.* at p. 3 ¶ 7.
[13] *Id.*

of the recognized methods of discovery."[14] Parties "seeking to invoke the power of the Court bear the burden on proving that jurisdiction [over the moving defendant] exists.[15] "A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute creates personal jurisdiction over a foreign defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution."[16]

The Texas long-arm statute has been interpreted to reach as far as constitutional Due Process will permit.[17] The touchstone of this constitutional personal jurisdiction inquiry is "whether the defendant purposefully established 'minimum contacts' in the forum State."[18] In determining whether such nonresident defendants have had sufficient "minimum contacts" with the forum state, courts "have differentiated between general or all-purpose jurisdiction, and specific or case-linked jurisdiction."[19] If the defendant has minimum contacts with the forum state, the exercise of jurisdiction must also comport with traditional conceptions of fair play and substantial justice.[20]

Personal jurisdiction is divided into general and specific jurisdiction. General jurisdiction exists when a nonresident defendant has substantial "continuous and systematic" contacts with the forum state and allows the nonresident to be sued for activities and transactions that are unrelated to the forum state.[21] Specific jurisdiction exists when the conduct giving rise to the

---

[14] *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).
[15] *Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).
[16] *Clemens v. McNamee*, 615 F.3d 274, 378 (5th Cir. 2010).
[17] *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).
[18] *Id.* at 215 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462 (1985)).
[19] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, nn. 8, 9 (1984)).
[20] *See Alpine*, 205 F.3d 214 (quoting *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999)).
[21] *See Helicopteros Nacionales*, 466 U.S. at 416.

exercise of jurisdiction also gives rise to the plaintiff's claims in the lawsuit.[22] A nonresident who is subject to specific jurisdiction can only be sued on matters related to the nonresident's activities in the forum state.[23]

When personal jurisdiction is challenged, the plaintiff "bears the burden on establishing the district court's jurisdiction over the defendant."[24] Although "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits complaint must be resolved in the plaintiff's favor,"[25] a court is not required to "credit conclusory allegations, even if uncontroverted."[26]

## B.    Improper Venue

28 U.S.C. § 1391 governs venue and provides that a civil action may be brought in (1) a district in which any defendant resides if all defendants are residents of the State in which the district is located, (2) a district in which a substantial part of the events or omission giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[27] When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b).[28] "If it meets one of the three categories, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred as provided in § 1406(a)."[29]

---

[22] *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

[23] *See Id.* at 275 & n. 6.

[24] *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Mink*, 190 F.3d at 335).

[25] *Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 327 (5th Cir. 1996) (quoting *Bullion v. Gillespie*, 895 F.2d 231, 271 (5th Cir. 1990)).

[26] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

[27] *See* 28 U.S.C. § 1391(a) and (b).

[28] *Atlantic Marine Const. Co. v. United States Dist. Court for the W. Dist. of Texas*, 571 U.S. 49, 56 (2013).

[29] *Id.*

## III.
## ARGUMENT

### A.    Valenti did not waive her personal jurisdiction right.

Plaintiff alleges that Valenti waived her personal jurisdiction right by agreeing to the terms and conditions of the CareConnect Card. However, Plaintiff's complaint fails to plead any facts to support that Valenti was a party to the alleged contract. The allegations set forth in Plaintiff's complaint fail to distinguish the actions of Valenti's employer from her own.

Personal jurisdiction is a right which may be waived by a party to a lawsuit.[30] Courts have permitted a "variety of legal arrangements" which a litigant may **consent** to personal jurisdiction.[31] One of these legal arrangements is a forum-selection clause contained in contracts and agreements. A forum-selection clause is valid "so long as it has been **freely negotiated** and is not unreasonable and unjust."[32]

Plaintiff's complaint asserts that Valenti consented to venue and jurisdiction in the State of Texas by participating in the CareConnect Card offered by Plaintiff.[33] However, Plaintiff has pled no specific facts other than conclusory allegations that Valenti agreed to the terms and conditions of the CareConnect Card.[34] As discussed above, Valenti was hired as an employee for RX as a supervising pharmacist.[35] By New York law, Valenti was required to be listed as the registered supervising pharmacist in order for RX to possess drugs for sale to the general public because the owner of RX was not licensed to practice medicine.[36] However, at no time during Valenti's employment did Valenti order inventory for the pharmacy or contract with

---

[30] *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702-03 (1982).
[31] *Id.* at 703.
[32] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).
[33] ECF 1 p. 3 ¶¶ 7-8.
[34] *Id.*
[35] Ex. A ¶¶ 4-5.
[36] *See* N.Y. Educ. Law § 6808 (McKinney) ("In the event that the owner of a licensed pharmacy is not a licensed pharmacist, the pharmacy registration issued shall also bear the name of the licensed pharmacist having personal supervision of the pharmacy.")

pharmaceutical companies, including Plaintiff.[37] Most importantly, Valenti had no knowledge of the contract alleged in Plaintiff's complaint nor was she involved with any reimbursement claims.[38]

Plaintiff may not impose its forum-selection clause on Valenti because Plaintiff fails to plead any facts to show that Valenti individually consented and "freely negotiated" to waive her right to personal jurisdiction outside the State of New York. Instead, Plaintiff's petition attempts to assert that RX's alleged consent to the CareConnect Card terms and conditions works as an effective consent for Valenti as well. Therefore, Plaintiff's allegations do not support the proposition that Valenti individually consented to jurisdiction and venue in Tarrant County, Texas.

## B.    Plaintiff cannot establish specific personal jurisdiction over Valenti.

Specific jurisdiction exists only if the defendant "purposefully directed its activities to the forum state or purposefully availed itself of its protections."[39] "Specific jurisdiction also requires a sufficient nexus between the non-resident's contacts with the forum and the cause of action."[40] In the Fifth Circuit, courts generally employ a three-step test in analyzing specific jurisdiction, requiring: "(1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable."[41] Critically, "[i]f a defendant does not have enough contacts to justify the exercise of general jurisdiction, the Due Process Clause

---

[37] Ex. A ¶¶ 7-8.
[38] *Id.* at ¶¶ 8-9.
[39] *Carmona v. Leo Ship Mgmt. Inc.*, 924 F.3d 190, 196 (5th Cir. 2019).
[40] *Clemens*, 615 F.3d at 378-79.
[41] *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521, 540 (5th Cir. 2014) (citing *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012).)

prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts."[42]

In determining whether specific jurisdiction applies, "[t]he focus is on the relationship between the defendant, the forum, and the litigation."[43] Accordingly, [i]t is essential that there be some act by which the defendant purposefully avails himself of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws."[44] "The 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts."[45] The "relevant contacts" that the Court must consider in the specific jurisdiction analysis are those "from which [the plaintiff's] cause of action arises . . . ."[46] Plaintiff alleges three causes of action: (1) breach of contract; (2) fraud; and (3) money had and received.[47] In applying the 5th Circuit's three-step test, Plaintiff has failed to provide any facts that Valenti is subject to this Court's jurisdiction under specific jurisdiction.

### 1.  Plaintiff's breach of contract claim has no connection to Texas.

Plaintiff does not specify the facts necessary to support specific jurisdiction for each of its claims, which is required should Plaintiff rely on different forum contacts to establish this Court's exercise of personal jurisdiction over Valenti.[48] The United States Supreme Court has made clear that a defendant's "contacts with" the forum state "are not to be judged according to

---

[42] *Seiferth*, 472 F.3d at 274-75.
[43] *Burger King Corp.*, 471 U.S. at 474; *see Clemens*, 615 F.3d at 378-79 ("Specific jurisdiction also requires a sufficient nexus between the non-resident's contacts with the forum and the cause of the action." (citation omitted)).
[44] *Clemens*, 615 F.3d at 379.
[45] *Id.* (citing *Burger King*, 471 U.S. at 472); *see also Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007).
[46] *Clemens*, 615 F.3d at 379; *see also Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2002).
[47] ECF 1 pp. 5-7 ¶¶ 18-28.
[48] *Seiferth*, 472 F.3d at 274.

**DEFENDANT ELISA VALENTI'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - Page 10**

their employer's activities there."[49] Nevertheless, Plaintiff's breach of contract claim fails to allege any separate facts that would warrant this Court's exercise of specific jurisdiction over Valenti independent of any of its claims it may have against Valenti's employer, RX.

Plaintiff's pleadings rely on conclusory allegations and legal conclusions to support its claim that Plaintiff and Valenti entered into a contract, which Valenti denies.[50] Absent from Plaintiff's complaint are any allegations to support where any purported contract between Plaintiff and Valenti was negotiated, executed, agreed to, or intended to be performed. Moreover, undisputed evidence relating to these issues ties any alleged agreement to New York, not Texas.

But even absent these defects, Plaintiff's breach of contract claim would fail because "merely contracting with a resident of Texas is not enough to establish minimum contacts."[51] "An exchange of communications in the course of developing and carrying out a contract also does not, by itself, constitute the required purposeful availment of the benefits and protections of Texas law."[52] If a court was permitted to exercise its jurisdiction based on one contract, it could exercise jurisdiction "based only on the fortuity that one of the parties happens to reside" in Texas.[53]

Plaintiff's complaint expressly provides that the alleged breach of contract committed by the defendants in this lawsuit occurred in New York.[54] Plaintiff's location in Texas is merely fortuitous, amounting to the only nexus between Valenti and Texas under Plaintiff's breach of contract action.[55] Moreover, Plaintiff's complaint fails to distinguish any activity by Valenti that gives rise to Plaintiff's breach of contract claim that is separate and apart from Plaintiff's

---

[49] *Calder v. Jones*, 465 U.S. 783, 790 (1984).
[50] ECF 1 p. 3 ¶¶ 7-8.
[51] *Moncrief Oil*, 481 F.3d at 312 (citation omitted).
[52] *Id.* (citing *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986)).
[53] *Id.*
[54] ECF 1 pp. 12-13 ¶¶ 12-17.
[55] *Id.*; *Carmona*, 924 F.3d at 194.

**DEFENDANT ELISA VALENTI'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - Page 11**

allegations against Valenti's employer, RX. The facts show that it was RX who purchased medication from Plaintiff, not Valenti. More importantly, it was only RX that could have agreed to the terms and conditions of the CareConnect Card and submitted requests for reimbursement, not Valenti.  Therefore, Plaintiff cannot establish specific jurisdiction over Valenti based on its breach of contract claim alone.

### 2.      Valenti is not subject to specific personal jurisdiction under Plaintiff's fraud claim.

As to Plaintiff's claim for fraud, "[a] forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum."[56] "The proper focus of the minimum contacts inquiry in intentional-tort cases is the relationship among the defendant, the forum, and the litigation."[57]

Plaintiff's complaint asserts a common-law fraud cause of action against Valenti. Therefore, the Plaintiff must plead intentional conduct by Valenti that creates the necessary minimum contacts with the forum State.[58] However, Plaintiff has failed to plead any facts that create a relationship between Valenti, Plaintiff's claims, and the State of Texas. Moreover, Plaintiff still carries the burden of establishing that Valenti's independent contacts with the forum state establish personal jurisdiction—separate and apart from Valenti's employer, RX.[59]

As discussed above, Valenti was a salaried employee at RX.[60] At no time during her employment did Valenti handle her employer's financials or contracts with third-parties.[61] Plaintiff's threadbare, conclusory allegations do not provide a connection between Valenti and

---

[56] *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 491 (5th Cir. 2018) (citing *Walden v. Fiore*, 571 U.S. 277, 286 (2014)

[57] *Trois*, 882 F.3d at 490 (quoting *Walden*, 571 U.S. at 286).

[58] *See Trois*. 882 F.3d at 490.

[59] *Calder*, 465 U.S. at 790; *see also Lee v. Allen*, 32 F.2d 566, at *3 (5th Cir. 1994) (unpublished) ("[J]urisdiction over the employees of a corporation may not be predicated on jurisdiction over the corporation itself, but must be based on their *individual* contacts with the forum state.").

[60] Ex. A ¶ 4.

[61] *Id.* at ¶ 8.

the State of Texas. At best, Plaintiff's allegations support jurisdiction in New York, where the alleged fraudulent actions took place. More importantly, Plaintiff still fails to distinguish Valenti's actions apart from Valenti's employer. As discussed above, Valenti did not submit reimbursement claims for RX or on her own behalf. Plaintiff may not prove jurisdiction is proper against Valenti by pleading acts committed by Valenti's employer. Therefore, Plaintiff's allegations do not support personal jurisdiction against Valenti under Plaintiff's fraud claim.

### 3.    Valenti is not subject to specific personal jurisdiction for Plaintiff's money had and received claim.

Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy."[62] "[T]o maintain an action for money had and received, [a plaintiff must] establish that the [defendant] held money which in equity and good conscience belonged to [the plaintiff]."[63] A money had and received claim is an equitable doctrine applied to prevent unjust enrichment to an offending party.[64] Again, the plaintiff bears the burden of establishing that the defendant-employee individually established minimum contacts with the forum state to support personal jurisdiction.[65] Moreover, the defendant's contacts must be more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person."[66]

As discussed above, Plaintiff has pled no facts to show a relationship between Valenti's contacts with the State of Texas with respect to its money had and received claim. More importantly, Plaintiff's complaint fails to provide any facts that distinguish Valenti's activities apart from Valenti's employer RX, a named defendant in this lawsuit. At best, Plaintiff's allegations provide that any money that Plaintiff may be entitled to is being held by defendant

---

[62] *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001)).
[63] *Miller-Rogaska, Inc. v. Bank One, Texas, N.A.*, 931 S.W.2d 655, 662 (Tex. App.—Dallas 1996).
[64] *Id.*
[65] *Calder*, 465 U.S. at 790.
[66] *ITL*, 669 F.3d at 498 (quoting *Burger King*, 471 U.S. at 475 (internal quotations and citations omitted)).

**DEFENDANT ELISA VALENTI'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - Page 13**

RX, Plus, LLC in New York, not Texas. Again, Plaintiff's allegations fail to provide any connection between its money had and received claim and the State of Texas. In fact, the only connection with the State of Texas is the Plaintiff itself.

More importantly, none of Plaintiff's allegations, including its claim for money had and received, provide any factual support that Defendant had any individual contact necessary to establish personal jurisdiction with the State of Texas. As discussed above, RX's alleged actions may not be used to judge personal jurisdiction against Valenti. Plaintiff has the burden of providing independent evidence support a nexus between Valenti's own independent actions and the forum. Therefore, Plaintiff has failed to plead any facts supporting this Court's jurisdiction over Valenti its money had and received claim.

## C.  Valenti is not subject to general jurisdiction in Texas.

General jurisdiction exists when a defendant's contacts with the forum state are "continuous and systematic," allowing the court to exercise jurisdiction over that defendant for causes of action unrelated to the defendant's connection to the state.[67] Thus, when general jurisdiction is alleged, the minimum contacts analysis is "broader and more demanding . . . requiring a showing of substantial activities with the forum state."[68] "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed."[69] Courts evaluated the contacts *"in toto,"* and not independent from one another.[70] Here, Plaintiff cannot meet this "incredibly difficult" standard.[71]

---

[67] *Mink*, 190 F.3d at 336.
[68] *Jones v. Petty-Ray Geophysical Geosource*, Inc. 954 F.2d 1061, 1068 (5th Cir. 1992).
[69] *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999).
[70] *Johnston*, 523 F.3d at 610.
[71] *Cf. Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773 (5th Cir. 1986) (finding "continuous and systematic" contacts where: (1) the defendant attended college and was formerly employed in the forum; (2) the defendant owned real estate in the forum; (3) the defendant traveled frequently to the forum; and (4) the defendant conducted a great deal

Valenti has no contacts with the State of Texas, much less "continuous and systematic" contacts. The only alleged evidence Plaintiff offers is that Valenti consented to the terms and conditions of the CareConnect Card at issue in this lawsuit. As explained above, Valenti is an individual who was employed as the supervising pharmacist for RX. At no time during her employment did Valenti contract with pharmaceutical companies nor purchase medications or prescriptions from said pharmaceutical companies, including Plaintiff.[72] Valenti's responsibility was limited to the day-to-day operations of the pharmacy and pharmacy's staff.[73] Indeed, Valenti has never had any contact with the State of Texas either professionally or personally.[74] Thus, Plaintiff's pleadings do not establish any alleged "continuous or systematic" activity necessary to support a conclusion that Valenti is "at home" in Texas.[75]

**D.    This Court's exercise of jurisdiction over Valenti would offend traditional notions of fair play and substantial justice.**

Even if Plaintiff could show that Valenti had minimum contacts with Texas, the assertion of jurisdiction in this case does not comport with "traditional notions of fair play and substantial justice."[76] In determining whether it is fair to force Valenti into this Court, the Court may consider such facts as: (a) the burden on the defendant in litigating in Texas; (b) the interest in the Texas courts in adjudicating this dispute; and (c) the plaintiff's interest in obtaining relief.[77]

These factors militate against exercising personal jurisdiction over Valenti in this case. First, Valenti is an individual residing in the State of New York. She has no agent, servants, or employees in the State of Texas; has never maintained a place of business in the State of Texas;

---

of business in the forum, but also recognizing that each of those contacts alone would not support general jurisdiction).
[72] Ex. A. ¶¶ 8-9.
[73] *Id.* at ¶ 6.
[74] *Id.* at ¶ 2.
[75] *Daimler AG v. Bauman*, 571 U.S. 117, 132 (2014).
[76] *Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945).
[77] *Burger King*, 471 U.S. at 476-77.

**DEFENDANT ELISA VALENTI'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - Page 15**

has never owned real property in the State of Texas; has never maintained a bank account in the State of Texas; nor availed herself of the rights and protections of the State of Texas necessary to justify imposing personal jurisdiction over her.[78] Further, requiring Valenti to litigate this matter in Texas will impose a substantial burden on Valenti.[79]

In sum, Valenti did not engage in any action in the State of Texas as it relates to this lawsuit and has no connection to the State of Texas that would permit the exercise of jurisdiction by the Court. Indeed, the exercise of personal jurisdiction over Valenti would violate all constitutional standards of fair play and substantial justice. Under these circumstances, this motion should be granted.

**E.      Venue is improper in Texas.**

Plaintiff's sole basis for its allegation that venue is proper in this Court is that "Venue is proper in Tarrant County, Texas because the contract giving rise to and made the subject of this lawsuit expressly provides that it is governed by Texas law and provides for venue in Tarrant County, Texas."[80] However, Plaintiff has failed to plead any facts that show that Valenti individually consented to this venue.

Plaintiff's reliance on *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, is misplaced because Plaintiff has failed to show that Valenti was a party to the alleged CareConnect Card contract and therefore did not waive her venue rights. Plaintiff's sole allegation is that "Defendants . . . conduct business in Texas and . . . expressly consented to exclusive jurisdiction in Texas."[81] Plaintiff's allegations do not support that Valenti (1) conducted business in Texas; or (2) Valenti consented to venue in Tarrant

---

[78] Ex. A ¶¶ 11-15.
[79] *Id.* at ¶ 16.
[80] ECF 1 p. 3 ¶ 7.
[81] *Id.* at p. 3 ¶ 8.

County, Texas. The law is clear that for a forum-selection clause to be valid, the parties must agree to the forum-selection clause.[82] Plaintiff's complaint fails to provide any facts to support the proposition that Defendant individually consented to venue in this forum. As discussed above, Plaintiff provides no factual basis to support its contention that Defendant consented to venue in this forum apart from the actions of Defendant's employer. Therefore, Plaintiff may not rely on its conclusory allegations to support venue in this forum.

Because there is a district in which this action might otherwise have been brought (i.e., the District of New York), there is no basis for venue in this Court under § 1391(a)(3). Venue of this action is only proper in the District of New York. As admitted by Plaintiff, none of the defendants are residents of the State of Texas. Plaintiff's complaint pleads that all named defendants, including Valenti, are residents of New York.[83] Importantly, Plaintiff's complaint provides no evidence that the alleged breach of contract and fraud, which forms the basis of Plaintiff's claims occurred in this district. Plaintiff's entire venue argument rests on the proposition that Valenti consented and agreed to venue in Tarrant County, Texas. However, this conclusory allegation alone does not support proper venue under § 1391. Based on the foregoing, this action should be dismissed for improper venue.

## IV.
## CONCLUSION

This Court does not have constitutionally sufficient personal jurisdiction over Valenti. Minimum contacts requirement(s)—either general or specific—do not exist here and have not been appropriately pleaded or proven by Plaintiff. The assumption of jurisdiction by the Court over Valenti would violate due process protections and would offend traditional notions of fair play and substantial justice; thus depriving Valenti of due process as guaranteed by the

---

[82] *Atlantic Marine Const. Co. v. United States Dist. Court for the Western Dist. of Texas*, 571 U.S. 49, 62 (2013).
[83] *Id.* at p. 2 ¶¶ 3-5.

**DEFENDANT ELISA VALENTI'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - Page 17**

Constitution of the United States. Additionally, Plaintiff fails to provide any support that venue would be proper.

WHEREFORE, Defendant Elisa Valenti, respectfully asks this Court to dismiss Plaintiff's complaint entirely together with such other, further, or different relief, not inconsistent herewith, as may be just, equitable, and proper, together with the costs and disbursements of this action.

Respectfully submitted,

CURNUTT & HAFER, L.L.P.

By:/s/ Douglas R. Hafer
    Douglas R. Hafer
    State Bar No. 00787614
    DHafer@CurnuttHafer.com

101 East Park Row
Arlington, TX 76010
(817) 548-1000 - Telephone
(817) 548-1070 - Facsimile

*ATTORNEY FOR DEFENDANT*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was delivered by electronic service to the following parties and counsel of record on March 24, 2020:

David J. Drez III
Lauren K Drawhorn
Schyler P. Parker
Wick Phillips Gould & Martin LLP
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
*Attorneys for Plaintiff Galderma Laboratories, L.P.*

/s/ Douglas R. Hafer
Douglas R. Hafer